IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Gregg Stark,                          :
                                      :
        Plaintiff,                    :
                                      :   Case No. 2:07-cv-755
     v.                               :
                                      :   Magistrate Judge Kemp
Government Accounting                 :
Solutions, Inc., et al.,              :
                                      :
             Defendants.              :


OPINION AND ORDER

This matter comes before the Court on the motion of
defendants Government Accounting Solutions, Inc., Brian E.
Bankert and Doug F. Butscher to dismiss each count of the
complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure. In the alternative, the defendants request the Court
to abstain from hearing plaintiff's claims. Additionally, the
defendants seek a  more definite statement pursuant to Rule 12(e)
regarding plaintiff's claim of copyright infringement. For the
following reasons, the Court will deny each of the defendants'
motions.

I.

The plaintiff, Greg Stark dba Governmental Systems
("Stark"), operates a business which provides computer based
financial services to Ohio municipal corporations and other
government entities in the State of Ohio.  The defendants, Brian
Bankert and Doug Butscher, are former employees of Stark.
According to the complaint, Bankert and Butscher terminated their
relationship with Stark at approximately the same time and formed
a new company named Government Accounting Solutions, Inc.
("Accounting"), which is also a defendant in this action.

After forming Accounting, Bankert and Butscher competed with Stark in the financial services market and allegedly used portions of Stark's proprietary software and trade secrets to do so. These alleged violations were not discovered by Stark until August 4, 2004.  Subsequently, Stark filed several claims in state court which are still undergoing adjudication.  On July 23, 2007 Stark effectively received copyright registration from the United States Copyright Office for two billing software packages entitled "GS Utility Billing" and "UBWIN 32." This action followed. Stark has claimed that the defendants' use of software, including but not limited to GS Utility Billing and UBWIN32, constitute copyright infringement. Stark has also asserted an unfair competition claim against Accounting, as well as claimed violations of the Ohio Deceptive Trade Practices Act. On October 22, 2007, the defendants filed this motion to dismiss, abstain or for more definite statement.

II.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly,127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). These factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.  Roth Steel Products

2

v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). A
complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)
only if there is no law to support the claims made, or if the
facts alleged are insufficient to state a claim, or if on the
face of the complaint there is an insurmountable bar to relief.
See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir.
1976). Rule 12(b)(6) must be read in conjunction with Fed. R.
Civ. P. 8(a) which provides that a pleading for relief shall
contain "a short and plain statement of the claim showing that
the pleader is entitled to relief." 5B Wright & Miller, Federal
Practice and Procedure 3d § 1356 (2008).

On the other hand, more than bare assertions of legal
conclusions are required to satisfy the notice pleading standard.
Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th
Cir. 1988). "In practice, a complaint must contain either direct
or inferential allegations respecting all the material elements
to sustain a recovery under some viable legal theory." Id.
(internal citations omitted).

> [w]e are not holding the pleader to an impossibly high
> standard; we recognize the policies behind rule 8 and
> the concept of notice pleading. A plaintiff will not
> be thrown out of court for failing to plead facts in
> support of every arcane element of his claim. But when
> a complaint omits facts that, if they existed, would
> clearly dominate the case, it seems fair to assume that
> those facts do not exist.

Id. at 437 (quoting O'Brien v. DiGrazia, 544 F.2d 543, 546 n.3
(1st Cir. 1976)). It is with these standards in mind that the
motion to dismiss will be decided.

### III.

A. Copyright Infringement

The defendants argue that Stark's complaint is insufficient
to state a claim for copyright infringement because it does not
allege or specify what was copied. For this reason they assert

3

that relief cannot be granted, and therefore the claim must be dismissed. This assertion is not accurate. Paragraph 20 of Stark's complaint states that "Defendants infringed the copyrights as owned by Plaintiff for software including but not limited to GS Utility Billing and UBWIN32." This clearly does specify what was allegedly copied.

As noted in defendants' motion, the Sixth Circuit Court of Appeals has held that two elements form claims for copyright infringement: (1) ownership of a valid copyright, and (2) copying of that expression. Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group, 463 F.3d 478, 482 (6th Cir. 2006). The first element has been sufficiently pled by attaching copies of the accepted copyright registration applications to the initial complaint as exhibits A and B. The second element which has been specifically averred to by Stark, that the copyrighted software packages Utility Billing and UBWIN32 were wrongfully appropriated by Accounting and used to further their business, if believed as true, would be sufficient to entitle the pleader to relief. Accordingly, the Court will deny defendants' motion to dismiss the copyright infringement claim.

B. Unfair Competition

Count II of Stark's complaint alleges that Accounting engaged in unfair competition by willfully attempting to trade on the good name of Governmental Systems by naming their company Government Accounting Solutions, Inc. This was allegedly done for the sole purpose of causing confusion among Stark's existing customer base, in order to lead them to believe that they might still be doing business with Stark.

"The law of unfair trade comes down very nearly to this – as judges have repeated again and again – that one merchant shall not divert customers from another by representing what he sells as emanating from the second." Yale Elec. Corp. v. Robertson, 26

4

F.2d 972, 973 (2d Cir. 1928). While this ancient maxim remains true today, the Lanham Act has established some boundaries as to how much of this effect is prevented by federal trademark law. As a general rule, "generic" names are not subject to trademark protection because allowing such would constitute, as Judge Easterbrook put it, "a free ride on the language." Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1430 (7th Cir. 1985). Courts "will not act to remedy or prevent confusion generated by a mere similarity of names." Blinded Veterans Assn. v. Blinded American Veterans Foundation, 872 F.2d 1035, 1045 (D.C. Cir. 1989)(citations omitted). While this may leave some businesses in a position where they have to compete against other businesses with similar names, there simply are not enough common words to allow for one business to monopolize them to the detriment of all other businesses. It is for this reason, among others, that neither the Lanham Act nor common law generally provides protection to generically named businesses.

Whether in fact the Lanham Act provides protection for the matter at hand is a question for another day. The Court believes it is sufficient for purposes of a 12(b)(6) motion that some avenue exist which would allow for at least partial judicial relief. That appears to be the case here, notwithstanding the question of whether the trade name "Government Accounting Solutions, Inc." is generic or not. Even "if an organization's own name is generic, a competitor's subsequent use of that name may give rise to an unfair competition claim if the competitor's failure adequately to identify itself as distinct from the first organization causes confusion or a likelihood of confusion." Blinded Veterans Assn., 872 F.2d at 1043. In order to prevail on his claim, Stark will ultimately have to prove that the likely effect of Accounting's actions was to mislead the public into thinking it was doing business with Stark when it actually was

5

not. At this stage of the proceedings, Stark has pled facts sufficient to take his claims beyond the level of speculation. Accordingly, the Court will deny the defendants' motion to dismiss the Lanham Act and common law unfair competition claims.

    C. Ohio Deceptive Trade Practices Act

    Count III states that Accounting's previously described actions likewise qualify as violations of the Ohio Revised Code Sections 4165.01 (Deceptive Trade Practices Act) and 1333.61 (Uniform Trade Secrets Act).  "[W]hen adjudicating claims made under the Ohio Deceptive Trade Practices Act and common law, courts  apply the same analysis applicable to claims commenced under analogous federal law." Corrova v. Tatman, slip op., 2007 WL 2874046 at *3 (Ohio App. 5th Dist. Sep. 28, 2007)(citing Cesare v. Work, 520 N.E.2d 586, 590 (Ohio Ct. App. 1987). See also Vistein v. American Registry of Radiologic Technologists, 509 F.Supp.2d 666, 706-07 (N.D. Ohio 2007).  Under the Deceptive Trade Practices Act, "[c]onsumer confusion may result when a defendant uses a trade name or phrase which has developed a 'secondary meaning' associated specifically with a certain brand or business."  Olde Towne Windows v. Baker, 644 N.E.2d 1054, 1055 (6th Dist. Huron County Ct. App. 1994)(per curiam). "However, generic words commonly used to describe business activities are regarded as common property, as long as the usage does not mislead persons possessing ordinary powers of perception." Id.

    Since the allegations pertinent to the Ohio Deceptive Trade Practices Act and the Unfair Competition claim are the same, and because the same standard and test applies to each, the result is accordingly the same for each.  The Court will deny the defendants' motion to dismiss the Ohio Revised Code section 4165.01 claim.

D. Uniform Trade Secrets Act

According to the Uniform Trade Secrets Act, when an actual misappropriation of a trade secret occurs(which is what Stark alleges here), then injunctive relief is proper.  According to the statute, a "misappropriation" occurs when a trade secret is used without consent, and when the user knew or should have known that knowledge of the trade secret was acquired under circumstances which give rise to a duty to maintain its secrecy or to limit its use.  Whether such a duty exists depends on the events and circumstances that occurred during the employment of Bankert and Butscher by Stark, and the subsequent termination of their employment.  It is at least plausible that Stark may be able to establish that such a duty did in fact exist.  Therefore, a dismissal of this portion of the claim is not warranted.  Accordingly, the Court will deny defendants' motion to dismiss the Ohio Revised Code section 1333.61 claim.

IV.

A. Abstention

The defendants urge the Court to abstain from exercising jurisdiction over this action because it is duplicative of an action currently ongoing in state court.  The circumstances appropriate for abstention have been confined to three general categories: (a) cases presenting a federal constitutional issue which might be mooted or presented in a different posture by state court determination of pertinent state law, (b) cases presenting difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, and (c)cases where, absent bad faith, harassment or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining either state criminal proceedings or state nuisance

proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene films or collection of state taxes. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814-16 (1976). None of these abstention doctrines apply to this litigation.

While it is within the realm of possibility that duplicative litigation may result from this Court's exercise of jurisdiction, Colorado River makes it clear that this concern alone is not grounds to abstain from the duty held by the Court to adjudicate claims that are properly brought before it. Id. at 813. "Mere potential for conflict in the results of adjudication does not, without more, warrant staying the exercise of federal jurisdiction." Id. at 816. "Generally, as between state and federal courts, the rule is that the pendency of an action in state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." Id. at 817. For these reasons, the Court will deny the motion to abstain from exercising jurisdiction over this action.

B. Dismissal

The grounds for the Court to dismiss a claim due to concurrent proceedings ongoing at the state level are even more narrow and exceptional than those that would justify abstention. See id. at 818. "Only the clearest of justifications will warrant dismissal." Id. at 819. After carefully considering and balancing the pertinent factors, the Court does not see any portion of the action that would serve as the clear justification required to warrant a dismissal. See id. at 818-19: Will v. Calvert Fire Ins. Co., 437 U.S. 655, 663 (1978): Moses H. Cone Memorial Hospital v. Mercury Const. Corp., 460 U.S. 1, 15-16 (1983). As noted in Moses H. Cone, this requires "a careful balancing of the important factors as they apply in a given case,

with the balance heavily weighted in favor of exercising jurisdiction." Id. at 16. For these reasons, the Court will deny the motion to dismiss notwithstanding the concurrent proceedings in state court.

V.

Rule 12(e)states, in pertinent part:

> If a pleading...is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

A motion for more definite statement "is designed to strike at unintelligibility rather than simple want of detail...[It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." Jakovich v. Hill, Stonestreet & Co., No. 1:05 CV 2126, 2005 WL 3262953 at *3 (N.D.Ohio Nov. 30, 2005)(quoting Scarbrough v. R-Way Furniture Co., 105 F.R.D. 90, 91 (E.D.Wis. 1985)). Furthermore, the "notice pleading" standards of Fed. R. Civ. P. 8(a)(2) do not "require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all that the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47(1957). Such fair notice can be provided through "either direct or inferential allegations respecting all the material elements to sustain a recovery." In re Commonwealth Institutional Securities, Inc., 394 F.3d 401, 405-06 (6th Cir. 2005)(quoting Scheid, 859 F.2d at 436). The notice pleading requirement "relies on liberal

9

discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002). In light of the modern practice of notice pleading and the availability of pretrial discovery procedures, Rule 12(e) motions are not favored by courts. See, e.g., Innovative Digital Equipment, Inc. v. Quantum Technology, Inc., 597 F.Supp. 983, 989 (N.D.Ohio 1984)("Rule 12(e) motions for more definite statement are not to be used as a substitute for discovery"); see also Usery v. International Brotherhood of Teamsters, 72 F.R.D. 581, 582 (W.D.Okla. 1976).

As stated in Section III of this opinion, Accounting is incorrect in its claim that Stark's complaint fails to allege what was copied in violation of a copyright. Paragraph 20 of Stark's complaint clearly states that "[d]efendants infringed the copyrights as owned by Plaintiff for software including but not limited to GS Utility Billing and UBWIN32." Additionally, Stark describes the manner in which these two copyrighted software packages are allegedly being used. "Defendants are engaged in the advertising, marketing, offering, supporting and distribution of computer software including programs which were developed by Plaintiff or under his supervision or which were developed by Defendants while employees of Plaintiff, and which are Plaintiff's property." See Complaint at paragraph 14. These statements clearly identify what allegedly was infringed, who performed the infringing conduct, and the manner in which that conduct was carried out. This is more then sufficient to meet Rule 8(a)'s requirement of a "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. For these reasons the Court will deny the motion for a more definite statement as to the copyright infringement claim.

VI.

Based on the foregoing, the defendants' motion to dismiss, abstain, or for a more definite statement (#8) is DENIED.

/s/ Terence P. Kemp
United States Magistrate Judge