IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregg Stark,

    Plaintiff,

v.

Government Accounting
Solutions, Inc., et al.,

    Defendants.

Case No. 2:07-cv-755

Magistrate Judge Kemp

OPINION AND ORDER

This matter is before the Court on the motion of plaintiff Gregg Stark dba Governmental Systems to dismiss defendants' counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for summary judgment.[1] Defendants Brian E. Bankert, Doug F. Butscher, and Government Accounting Solutions, Inc. oppose the dismissal of their counterclaims. Because the parties have submitted affidavits in support of their respective positions, the Court must treat the plaintiff's motion as one for summary judgment. See Fed. R. Civ. P. 12(d). For the following reasons, summary judgment on the defendants' counterclaims will be granted in part and denied in part.

I.

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case

---

[1] In his memorandum in support, Mr. Stark also requests that the counterclaims be stricken as untimely filed. The defendants in their memorandum in opposition seek leave to file their answer and counterclaim nunc pro tunc. Mr. Stark does not respond to the defendants' motion for leave in his reply. The Court prefers to decide matters on their merits. Accordingly, the Court grants the defendants' motion for leave and denies Mr. Stark's motion to strike.

are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the motion for summary judgment will be decided.

II.

The defendants' counterclaim consists of two counts. Count one asserts that the Mr. Stark filed his complaint in bad faith and without a basis in law or fact. Count two alleges that Mr.

2

Stark breached the employment agreement with Messrs. Bankert and Butscher by failing to pay them their accrued vacation time following the termination of their employment on July 31, 2004. See Affidavits of Brian F. Bankert and Doug F. Butscher.

A.

The defendants have not identified the legal grounds underlying count one, but concede that it is not a claim for defamation as paragraph 2 seems to suggest. See Memorandum of Defendants in Opposition p. 5. It is further unclear whether the allegation in paragraph 3 that the actions by Mr. Stark were done maliciously is an attempt by the defendants to state a claim for malicious prosecution or simply to provide a basis for punitive damages for whatever cause of action they may be trying to assert.

To establish a claim for malicious civil prosecution under Ohio law, the defendants must satisfy four elements, including the termination of the prior proceedings in their favor and a seizure of their property during the course of the prior proceedings. See Robb v. Chagrin Lagoons Yacht Club, Inc., 662 N.E.2d 9, 13-14 (Ohio 1996). Because the Court has yet to rule on the merits of Mr. Stark's claims, any claim of malicious civil prosecution is at the very least premature. Moreover, the defendants have not offered any proof on the seizure requirement. In fact, they have not even alleged that their property was seized. To the extent that the defendants have attempted to state a claim for malicious civil prosecution, such a claim fails as a matter of law.

The Court is left with the impression that count one is nothing more than a claim that Mr. Stark violated Rule 11 of the Federal Rules of Civil Procedure in filing his complaint. By its own terms, Rule 11 requires a party seeking sanctions to bring a

motion.  Such a motion may be presented to the Court only after the moving party has provided the respondent with a twenty-one day notice and opportunity to withdraw or correct the challenged claims.  See Fed. R. Civ. P. 11(c)(2); see also Ridder v. City of Springfield, 109 F.3d 288, 294-95 (6th Cir. 1997).  If the defendants are indeed trying to assert a Rule 11 violation, they clearly have not complied with these procedural requirements.  A counterclaim is not a motion, and the defendants did not afford Mr. Stark the twenty-one day safe harbor.  See Wapato Heritigate, LLC v. Evans, No. CV-07-314, 2008 WL 4148871 at *1 (E.D. Wash. Aug. 29, 2008). Furthermore, apart from these procedural aspects, Rule 11 was never intended to create a bad-faith tort in favor of a party who has been subjected to harassing or vexatious litigation.  Lenoir v. Tannehill, 660 F.Supp. 42, 44 (S.D. Miss. 1986).  Accordingly, a counterclaim based on Rule 11 fails to state a claim upon which relief can be granted.  Id.

B.

Count two is a claim for breach of contract.  Under Ohio law, a complaining party must demonstrate (1) the existence of a binding contract or agreement; (2) that the complaining party performed his contractual obligations; (3) that the other party, without legal excuse, failed to perform its contractual obligations; and (4) damages resulting from the other party's breach.  Garofalo v. Chicago Title Ins. Co., 661 N.E.2d 218, 226 (Ohio Ct. App. 1995).  It is not disputed that Mr. Bankert and Mr. Butscher had a contract of employment with Mr. Stark or that they accrued vacation time during the course of their employment.  Mr. Stark contends, however, that the defendants surreptitiously conspired to leave his employ and to compete unfairly with his business.  In his opinion, their conduct abrogated any right they had to their accrued vacation pay.  See Plaintiff's Reply p.5.

The Court has considered the affidavits submitted by the

parties, together with the pleadings, and finds that genuine issues of material fact remain with respect to whether Mr. Bankert and Mr. Butscher performed their obligations under the employment contract and whether Mr. Stark was legally excused from paying them for their unused vacation.  The existence of these factual issues precludes the granting of summary judgment. <u>See</u> Fed. R. Civ. P. 56(c).

III.

Based on the foregoing reasons, the plaintiff's motion for summary judgment (#20) is granted in part and denied in part. Count one of the defendants' counterclaim is dismissed for failure to state a claim upon which relief can be granted.  The plaintiff's motion for summary judgment on count two of the counterclaim is denied.

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge