IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregg Stark,

    Plaintiff,

  v.

Government Accounting
Solutions, Inc., et al.,

    Defendants.

Case No. 2:07-cv-755

Magistrate Judge Kemp

OPINION AND ORDER

This matter comes before the Court on the motion of defendants Government Accounting Solutions, Inc., Brian E. Bankert and Doug F. Butscher to dismiss all claims pursuant to the doctrine of res judicata. The plaintiff, Gregg Stark dba Governmental Systems ("Stark"), filed a memorandum in opposition to the motion, and the defendants replied. The motion is thus ripe for decision.

I.

This is the defendants' second motion to dismiss. The defendants previously filed a motion to dismiss on the grounds that the complaint failed to state a claim upon which relief could be granted. On July 17, 2008, the Court entered an opinion and order which inter alia denied the defendants' motion to dismiss. That opinion and order recited the allegations set forth in the complaint and analyzed each of Stark's claims under the standards applicable to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court will not repeat that analysis here except as necessary to consider whether one or more of the claims is barred by res judicata.

II.

In 2004, Stark filed a four-count complaint against the same defendants in the Common Pleas Court of Franklin County, Ohio. On August 30, 2006, the common pleas court granted summary judgment on all claims in favor of the defendants. That decision was apparently based in part on the lack of a timely response by Stark to the defendants' motion. The common pleas court subsequently reconsidered its decision and determined that the untimeliness of Stark's memorandum contra was due to excusable neglect. The state-court proceeding was still pending at the time Stark commenced this action.

On October 9, 2008, the common pleas court reaffirmed its August 30, 2006 decision and again granted summary judgment to the defendants on all four counts. Stark has appealed the decision reaffirming summary judgment to the Tenth District Court of Appeals. His appeal is yet to be decided.

III.

The full faith and credit statute, 28 U.S.C. § 1738, requires a federal court to give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Kremer v. Chemical Construction Corp., 456 U.S. 461, 481-482 (1982). Federal courts cannot "employ their own rules of res judicata to determine the effect of state judgments...," but must "accept the rules chosen by the State from which the judgment is taken." Id. at 481-82. A federal court ruling on the issue of claim preclusion applies the law of the state in which the judgment was rendered. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 382 (1985); see also Corzin v. Fordu (In re Fordu), 201 F.3d 693, 703 (6th Cir. 1999) (citing Marrese). When actions in state court and federal court are pending at the same time, res judicata attaches to the first judgment entered. See Osborn

v. Knights of Columbus, 401 F.Supp.2d 830, 833 (N.D. Ohio 2005)(citations omitted).

In his response, Stark initially argued that the decision attached to the defendants' motion did not meet the qualifications of the full faith and credit statute because it was not properly authenticated by the attestation of the clerk or the seal of the court. The defendants subsequently filed certified copies of Stark's state-court complaint and the decision reaffirming summary judgment. The defendants also submitted affidavits from Judge Julie M. Lynch, who presided over the state-court action, which averred that the attestations of the clerk appearing on the face of these certified copies were in proper form. Based on the additional filings, the Court finds that these records meet the requirements of 28 U.S.C. §1738 and Rule 44(a)(1) of the Federal Rules of Civil Procedure. See Maroon v. Immigration and Naturalization Service, 364 F.2d 982, 985-86 (8th Cir. 1966). The Court will now turn to the question of what preclusive effect Ohio law would give to the order reaffirming summary judgment.

Under Ohio law, the doctrine of res judicata encompasses both claim preclusion and issue preclusion. Grava v. Parkman Twp., 653 N.E.2d 226, 228 (Ohio 1995). As formulated by the Supreme Court of Ohio, claim preclusion presupposes that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus (adopting 1 Restatement of the Law 2d, Judgments (1982) §§ 24-25). Claim preclusion, as recognized by Ohio courts, has four elements: a prior final, valid decision by a court of competent jurisdiction and a subsequent action involving the same parties or their privies that raises claims that were or could have been litigated in the

3

earlier action and that arises out of the transaction or occurrence that was the subject matter of the earlier action. See Fordu, 201 F.3d at 703-04.

There is no real dispute that the order reaffirming summary judgment represents a final decision on the merits since it disposes of all of Stark's claims in the state-court action. See Hapwood v. City of Warren, 127 F.3d 490, 493-94 (6th Cir. 1997). Stark argues, nevertheless, the fact that his appeal is still pending negates any res judicata effect. "The pendency of an appeal, however, does not prohibit application of claim preclusion. The prior state court judgment remains 'final' for preclusion purposes, unless or until overturned by the appellate court." Id. at 494 n.3.

Stark also appears to argue that the common pleas court's decision was not valid because (1) once the August 30, 2006 order was vacated, the defendants' summary judgment motion was no longer pending and (2) he was unlawfully denied discovery. Federal courts, however, do not review state-court judgments for error, but look only to finality. See Rollins v. Dwyer, 666 F.2d 141, 148 (5th Cir. 1982); MGA, Inc. v. General Motors Corp., 827 F.2d 729, 732-33 (Fed. Cir. 1987). "So long as a state proceeding meets minimal standards of due process, even an obviously erroneous judgment ... will have preclusive effect." Heyliger v. State University and Community College System of Tennessee, 126 F.3d 849, 853 (6th Cir. 1997)(internal citation omitted). The irregularities alleged by Stark in the state-court proceeding do not rise to a denial of due process. See Twin City Fire Ins. Co. v. Adkins, 400 F.3d 293, 301 (6th Cir. 2005)(Ohio Supreme Court's failure to adhere to its own rules of practice did not invalidate decision). In fact, the state court reconsidered its earlier decision granting the defendants summary judgment in order to entertain Stark's late-filed brief.

For these reasons, the Court determines that the order reaffirming summary judgment was a final, valid decision for purposes of the full faith and credit statute. The Court also finds that the Common Pleas Court of Franklin County, Ohio is a court of competent jurisdiction and that the instant case involves the same parties as those in the state-court proceeding. The Court, therefore, will turn to whether the claims raised by Stark in this action were or could have been litigated in the state-court proceeding and whether these claims arose out of the same transaction or occurrence that was the subject matter of that proceeding.

Stark's federal complaint sets forth claims for copyright infringement (count one), violation of the Lanham Act and common law unfair competition (count two), and violation of the Ohio Deceptive Trade Practices Act (count three). The four claims asserted in Stark's state-court complaint included misappropriation of trade secrets, unfair competition and unfair trade practices, unauthorized use of trade secrets, and conspiracy to misappropriate trade secrets.

A claim of copyright infringement lies exclusively within the jurisdiction of the federal district courts. See 28 U.S.C. §1338(a). This fact, however, does not necessarily make the full faith and credit statute inapplicable to Stark's copyright infringement claim. See Forry, Inc. v. Neundorfer, Inc., 837 F.2d 259, 265 (6th Cir. 1988). Rather, federal courts must look to state law to determine the preclusive effect of a prior state-court judgment on such a claim. See Marrese, 470 U.S. at 381. If state preclusion law includes the requirement that the rendering court possess subject jurisdiction matter over the claim sought to be barred, a state-court judgment would not have preclusive effect on a copyright infringement claim. See id. at 382. Because Ohio law has such a requirement, the order

5

reaffirming summary judgment would not bar Stark's copyright infringement claim under the doctrine of claim preclusion. See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 663 (6th Cir. 1990); Stuhlreyer v. Armco, Inc., 12 F.3d 75, 77 (6th Cir. 1993). Alternatively, the Court finds that the copyright claim was not, and could not have been, litigated in the common pleas court even though it appears to have arisen from the same transaction that was the subject matter of the state-court proceeding.

The defendants argue that even if claim preclusion does not bar Stark's copyright infringement claim, the common pleas court's finding that the defendants did not misappropriate Stark's source code or related software should collaterally estop Stark from asserting this claim. As this Court previously stated in its July 17, 2008 opinion and order, a claim of copyright infringement has two elements: (1) ownership of a valid copyright and (2) copying that expression. See Ross, Brovins, & Oehmke, P.C. v. Lexis Nexis Group, 463 F.3d 478, 482 (6th Cir. 2006). The defendants apparently concede the first element for purposes of their motion to dismiss, but contend the fact that they did not misappropriate Stark's source code or related software in the context of the misappropriation of trade secrets claim necessarily means that they did not "copy" it within the meaning of the Copyright Act. Stark denies that collateral estoppel is applicable and asserts that, in fact, the defendants have admitted that they copied the programs in question before leaving the plaintiff's employ. See Affidavit of James Schmitt attached to Plaintiff's Motion to Dismiss Defendants' Counterclaims (#20).

Under Ohio law, collateral estoppel or issue preclusion will apply when (1) the parties in the prior action are identical to, or in privity with, the parties in the subsequent action and (2) the issue in dispute was actually litigated and (3) necessarily

decided in the earlier action. See Kalia v. Kalia, 783 N.E.2d 623, 630 (Ohio Ct. App. 1982), appeal denied, 787 N.E.2d 1231 (Ohio 2003). "It is well-established that state courts can determine matters of state law, the subject of which is copyright, and [that] federal courts must afford preclusive effect to those findings, even if giving such preclusive effect impacts, in whole or in part, consideration of matters peculiar to copyright law." Siegel v. Time-Warner Inc., 496 F.Supp.2d 1111, 1129-30 (C.D. Cal. 2007).

On the other hand, a state court's findings on matters distinctive to copyright law itself are not entitled to preclusive effect because, given exclusive federal jurisdiction over copyright infringement actions, the findings cannot have been necessary to the state-court judgment. Id. at 1130. See also RX Data Corp. v. Department of Social Services, 684 F.2d 192, 197-98 (2d Cir. 1982)(state-court judgment on contract claim had no collateral estoppel effect since there was no issue necessary to the determination of that judgment that was identical to any issue in action for copyright infringement); Niemi v. American Axle Mfg. & Holding Inc., 2008 WL 905558 at *12 (E.D. Mich. Mar. 31, 2008)(copyright infringement claims not dependent on any issue actually litigated in state-court breach of contract action); Titan Sports, Inc. v. Hellwig, 1999 WL 301695 at *11 (D. Conn. Apr. 26, 1999)(collateral estoppel inapplicable because trade mark and trade dress issues decided by Arizona court differed from copyright issues sought to be litigated in subsequent case).

This Court has found only one decision where collateral estoppel was applied to bar a copyright infringement claim based on a finding that the issue raised in the district court of whether defendants had possessed, copied, and used plaintiff's subdivision maps had been decided in the prior state-court

7

action.  See Anderson v. Imperial Center V., L.P., 134 F.3d 376 (table), 1998 WL 30804 at *1 (9th Cir. Jan. 16, 1998).  While the scenario in that case sounds somewhat similar to the situation in this case, the appeals court's unpublished, singe-page memorandum decision offers little or no guidance.  Based on the limited record here as well as the need to accept all well-pleaded allegations as true and to construe the complaint in the light most favorable to the plaintiff, the Court is not convinced that under Ohio preclusion law the finding by the common pleas court that the defendants did not misappropriate Stark's utility billing system, source code and related software would bar Stark's copyright infringement claim.  The defendants simply have not shown that the misappropriation of a trade secret is identical to the unauthorized copying of an expression protected under the copyright laws.

In contrast to copyright infringement claims, federal courts do not have exclusive jurisdiction over claims brought under the Lanham Act.  See Aquatherm Industries, Inc. v. Florida Power & Light Co., 84 F.3d 1388, 1394 (11th Cir. 1996)(citing 28 U.S.C. §1338(a) and 15 U.S.C. §1121).  Because Stark's Lanham Act claim could have been litigated in the common pleas court, there is nothing in Ohio law that would prevent application of claim preclusion provided that such claim arose out of the same transaction encompassed in the state-court proceeding.

The touchstone of a claim brought under the Lanham Act is whether the defendant's action will likely cause confusion regarding the origin of the goods or services offered by the parties.  See Leelanau Wine Cellars, Ltd. v. Black & Red, Inc., 502 F.3d 504, 515 (6th Cir. 2007).  As the Court previously pointed out in its July 17, 2008 opinion and order, in order to prevail on his claim, Stark would need to prove that the likely effect of the defendants' actions was to mislead the public into

thinking it was doing business with Stark when it actually was not.  The same is true with respect to any common law unfair competition claims.  See Socony-Vacuum Oil Co. v. Rosen, 108 F.2d 632, 635 (6th Cir. 1940); American Footwear Corp. v. General Footwear Co., 609 F.2d 655, 664 (2d Cir. 1979).

In her decision reaffirming summary judgment, Judge Lynch found that apart from the parties' use of the generic term "government," their trade names had no similarity whatsoever.  She went on to conclude, in granting the defendants summary judgment on Stark's claim of unfair competition and unfair trade practices, that there could not possibly be any confusion regarding the parties' trade names.  Because that earlier claim derived from the same set of facts as Stark's subsequent Lanham Act and common law unfair competition claim, count two of Stark's federal complaint would be barred under Ohio preclusion law.  The full faith and credit statute, therefore, mandates that count two be dismissed.

There is also no question that Stark either litigated or could have litigated in the state-court action his claim that the defendants violated the Ohio Deceptive Trade Practices Act, Ohio Rev. Code §4165.01 et seq and that this claim arose from the same subject matter as Stark's state-court complaint.  In count three of his federal complaint, which comprises his ODTPA claim, Stark re-alleges and restates the same facts that support his other two claims.  While the state-court complaint does not refer to the ODTPA by name, many of the acts alleged might constitute violations of the ODTPA, such as passing off goods or services as those of another, causing likelihood of confusion as to the source of goods and services, and causing likelihood of confusion regarding affiliation with another.  See Ohio Rev. Code Ann. §4165.02(A)(Baldwin 2009).  Apparently for that reason, Judge Lynch examined the record and determined that no reasonable jury

could conclude that the defendants had passed off their services as Stark's or created any likelihood of confusion regarding either the source of the defendants' services or their affiliation with Stark. As a result, she granted summary judgment on Stark's claim that the defendants had engaged in deceptive trade practices. Because this judgment under Ohio law would preclude Stark's assertion of an ODTPA claim in this case, the Court must dismiss count three pursuant to the full faith and credit statute.

IV.

Based on the foregoing reasons, the Court determines that the decision reaffirming summary judgment rendered by the Common Pleas Court of Franklin County, Ohio is entitled to full faith and credit pursuant to 28 U.S.C. §1738. Under the applicable preclusion rules of the State of Ohio, Stark's claims for violation of the Lanham Act and common law unfair competition and unfair trade practices (count two) and his claim for violation of the Ohio Deceptive Trade Practices Act (count three) are barred by res judicata. Stark's claim of copyright infringement (count one) is not barred under Ohio law by claim preclusion. The Court cannot determine on the present record that Ohio's doctrine of collateral estoppel or issue preclusion would bar the copyright infringement claim. Accordingly, the defendants' motion to dismiss (#25) is granted in part and denied in part consistent with this Opinion and Order, and counts two and three are dismissed with prejudice.

/s/ Terence P. Kemp
United States Magistrate Judge