IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregg Stark,

    Plaintiff,

    v.

Government Accounting
Solutions, Inc., et al.,

    Defendants.

Case No. 2:07-cv-755

Magistrate Judge Kemp

## OPINION AND ORDER

This matter comes before the Court on the motion of defendants Government Accounting Solutions, Inc., Brian E. Bankert and Doug F. Butscher for partial reconsideration of the Opinion and Order (#31) resolving, on res judicata grounds, their motion to dismiss all claims asserted against them by plaintiff Gregg Stark. That order dismissed Mr. Stark's claims for violation of the Lanham Act and the Ohio Deceptive Trade Practices Act, as well as his common law unfair competition and unfair trade practices claims, on grounds of claim preclusion. The Court, however, denied the defendants' motion to dismiss Mr. Stark's copyright infringement claim on grounds of either claim preclusion or collateral estoppel. The defendants now seek reconsideration of that decision.

I.

The motion for reconsideration does not cite to any Federal Rule of Civil Procedure as authority. However, as the United States Supreme Court observed in Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12 (1983), "every order short of a final decree is subject to reopening at the discretion of the district judge." The Court of Appeals for the Sixth Circuit

has made similar observations.  "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment."  <u>Mallory v. Eyrich</u>, 922 F.2d 1273, 1282 (6th Cir. 1991)(citing <u>Marconi Wireless Telegraph Co. v. United States</u>, 320 U.S. 1 (1943)).  A district court may modify, or even rescind, such interlocutory orders.  <u>John Simmons Co. v. Grier Brothers Co.</u>, 258 U.S. 82, 88 (1922).

Although Fed.R.Civ.P. 59(e) does not supply the power nor the standard for deciding whether to reconsider an interlocutory order, courts have generally applied criteria that respect the need to grant some measure of finality even to interlocutory orders and which discourage the filing of endless motions for reconsideration.  Thus, "[a] federal district court has inherent power over interlocutory orders and may modify, vacate, or set aside these orders 'when it is consonant with justice to do so.'" <u>Rottmund v. Continental Assur. Co.</u> 813 F.Supp. 1104, 1107 (E.D. Pa. 1992)(citing <u>United States v. Jerry</u>, 487 F.2d 600, 605 (3d Cir.1973)).  "Because of the interest in finality, however, courts should grant motions for reconsideration sparingly."  <u>Id</u>. The Court will therefore consider the motion for reconsideration to determine whether it is "consonant with justice" to grant the requested relief, and will grant relief only if the prior decision appears clearly to be legally or factually erroneous.

II.

Brian Bankert and Doug Butscher, the individual defendants in this action, previously worked for Governmental Systems, an unincorporated company owned by Mr. Stark.  Governmental Systems provides computer-based financial services to Ohio municipal corporations.  These services entail the use of a computer programming source code and related software which were developed and copyrighted by Mr. Stark.  Mr. Bankert and Mr. Butscher became familiar with the source code and related software through

their employment at Governmental Services.  They later formed a corporation known as Government Accounting Solutions, Inc.  After forming this corporation, Mr. Bankert and Mr. Butscher tendered their resignations from Governmental Services.  Since leaving their employment, Mr. Bankert and Mr. Butscher have competed with Governmental Systems and, in doing so, allegedly used portions of Mr. Stark's computer source code and related software.

In 2004, Stark filed a four-count complaint against Government Accounting Solutions, Inc., Mr. Bankert and Mr. Butscher in the Common Pleas Court of Franklin County, Ohio.  The four counts included misappropriation of trade secrets, unfair competition and unfair trade practices, unauthorized use of trade secrets, and conspiracy to misappropriate trade secrets.  The state-court complaint raised two issues: (1) whether the defendants misappropriated trade secrets or other proprietary information from Mr. Stark and (2) whether the name the defendants gave to their new company gave rise to unfair competition or an unfair business practice.

On August 30, 2006, the common pleas court granted summary judgment to the defendants on all claims.  That decision was apparently based in part on the lack of a timely response by Mr. Stark to the defendants' motion.  The common pleas court subsequently reconsidered its decision and determined that the untimeliness of Mr. Stark's memorandum contra was due to excusable neglect.  The state-court proceeding was still pending at the time Mr. Stark commenced this action.

On October 9, 2008, the common pleas court reaffirmed its August 30, 2006 decision and again granted summary judgment to the defendants on all four counts.  Mr. Stark then appealed this decision to the Tenth District Court of Appeals.  On September 30, 2009, the appeals court overruled Mr. Stark's assignments of error and affirmed the common pleas court's grant of summary

judgment.

### III.

The full faith and credit statute, 28 U.S.C. §1738, requires a federal court to give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Kremer v. Chemical Const. Corp., 456 U.S. 461, 481-482 (1982). Federal courts cannot "employ their own rules of res judicata to determine the effect of state judgments...," but must "accept the rules chosen by the State from which the judgment is taken." Id. at 481-82. A federal court ruling on the issue of claim preclusion applies the law of the state in which the judgment was rendered. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 382 (1985); see also Corzin v. Fordu (In re Fordu), 201 F.3d 693, 703 (6th Cir. 1999) (citing Marrese). When actions in state court and federal court are pending at the same time, res judicata attaches to the first judgment entered. See Osborn v. Knights of Columbus, 401 F.Supp.2d 830, 833 (N.D. Ohio 2005)(citations omitted).

The defendants argue that the common pleas court's finding that they did not misappropriate Mr. Stark's source code or related software collaterally estops Mr. Stark from asserting his copyright infringement claim. Under Ohio law, collateral estoppel or issue preclusion will apply when (1) the parties in the prior action are identical to, or in privity with, the parties in the subsequent action and (2) the issue in dispute was actually litigated and (3) necessarily decided in the earlier action. See Kalia v. Kalia, 151 Ohio App.3d 145, 154 (Trumbull Co. 2002), appeal denied, 98 Ohio St.3d 1566 (2003). That the parties in this action are identical to those in the state-court action cannot be disputed. The Court must decide, however, whether Mr. Stark's copyright infringement claim is dependent on

4

any issue actually litigated in the earlier action and whether such issue, if litigated, was necessary to a determination of the state-law claim.

"It is well-established that state courts can determine matters of state law, the subject of which is copyright, and [that] federal courts must afford preclusive effect to those findings, even if giving such preclusive effect impacts, in whole or in part, consideration of matters peculiar to copyright law." <u>Siegel v. Time Warner Inc.</u>, 496 F.Supp.2d 1111, 1129-30 (C.D. Cal. 2007). On the other hand, a state court's findings on matters distinctive to copyright law itself are not entitled to preclusive effect because, given exclusive federal jurisdiction over copyright infringement actions, the findings cannot have been necessary to the state-court judgment. <u>Id</u>. at 1130. <u>See also</u> <u>RX Data Corp. v. Department of Social Services</u>, 684 F.2d 192, 197-98 (2d Cir. 1982)(state-court judgment on contract claim had no collateral estoppel effect since there was no issue necessary to the determination of that judgment that was identical to any issue in action for copyright infringement).

The Court has previously noted that a claim of copyright infringement has two elements: (1) ownership of a valid copyright and (2) copying of that expression. <u>See</u> <u>Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group</u>, 463 F.3d 478, 482 (6th Cir. 2006). As the defendants suggest in their motion for reconsideration, however, mere copying is not enough to satisfy the second element. The alleged infringer must actually use the copyrighted material to create his own work, and the resulting work must be probatively similar to the copyrighted work. <u>See</u> <u>General Universal Systems, Inc. v. Lee</u>, 379 F.3d 131, 141-42 (5th Cir. 2004). "Put another way, copying is an essential element of infringement and substantial similarity between the plaintiff's and the defendant's works is an essential element of copying."

5

Bridgeport Music, Inc. v. UMG Recordings, Inc., 585 F.3d 267, 274 (6th Cir. 2009)(internal quotation marks and citation omitted).

The common pleas court found as a matter of law that the defendants did not misappropriate Mr. Stark's source code or software, but instead developed and implemented their own utility billing system. In upholding this finding, the court of appeals noted that Mr. Stark had failed to rebut the defendants' evidence that the two billing systems "function differently, create different types of reports, and most importantly, access the data input of the governmental entity differently." Stark v. Government Accounting Solutions, Inc., No. 08AP-987, 2009 WL 3161485 at *6 (Ohio App. 10 Dist. Sep. 30, 2009)(citing Butcher affidavit, 4).

Based on the state-court record, there is no real question that the parties actually litigated the issue of whether the defendants utilized Mr. Stark's source code and related software in their competing business or instead developed their own independent billing system. The Court will turn, then, to whether the state court's findings were necessary to a determination of Mr. Stark's misappropriation of trade secrets claim.

To prevail on his state-law misappropriation claim, Mr. Stark must first have proven by a preponderance of the evidence that his source code and related software were trade secrets. See Penetone Corp. v. Palchem, Inc., 627 F.Supp. 997, 1005 (N.D. Ohio 1985). Section 1333.61 of the Ohio Revised Code defines as a trade secret "any technical information, ... process, procedure, formula, ... [or] program ..." that both "derives independent economic value ... from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and "is the subject of efforts that are reasonable under the

6

circumstances to maintain its secrecy." Ohio Rev. Code Ann. §1333.61(D) (Baldwin 1994).

Mr. Stark must also have established that the defendants acquired the trade secret as the result of both a confidential relationship and the unauthorized use of the secret. See Penetone Corp., 627 F.Supp. at 1005. These requirements are set out in the statutory definition of misappropriation which includes the use of a trade secret of another by a person without the owner's express or implied consent while

> [a]t the time of ... [such] use, [the person] knew or had reason to know that the knowledge of the trade secret ... was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or was derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use.

Ohio Rev. Code Ann. §1333.61(B)(2)(b) (Baldwin 1994). See also Kendall Holdings, Ltd v. Eden Cryogenics LLC, 630 F.Supp.2d 853, 861 (S.D. Ohio 2008).

"What is generally proscribed under the trade secret laws is the misappropriation of the information obtained from the person holding the trade secret and later conversion of the information to the use or gain of the person obtaining the secret." Dexxon Digital Storage, Inc. v. Haenszel, 161 Ohio App.3d 747, 753 (Delaware Co. 2005)(citing Consumer Direct, Inc. v. Limbach, 62 Ohio St.3d 180, 183 (1991)). A trade secret is generally considered something which gives an employer a competitive advantage over another. Id. From this formulation, it appears that the state court's findings that the defendants did not misappropriate Mr. Stark's source code and related software and that the utility billing system they actually implemented was substantially different from that used by Governmental Systems were necessary to the determination of his misappropriation of

7

trade secrets claim.

Based on the foregoing analysis, the defendants have shown that each of the three elements of collateral estoppel has been met. Before applying the doctrine to bar re-litigation of the issues involved in Mr. Stark's copyright infringement claim, the Court must also determine that the common pleas court had jurisdiction to decide Mr. Stark's misappropriation of trade secrets claim. See Fort Frye Teachers Ass'n, OEA/NEA v. State Employees' Relations Bd., 81 Ohio St.3d 392, 395 (1998)(for issue preclusion to apply, the question must have been decided by a court of competent jurisdiction). Because courts of common pleas in Ohio have original jurisdiction in all civil cases in which the sum or matter in dispute exceeds $15,000.00, see Ohio Rev. Code Ann. §2305.01, the Franklin County Common Pleas Court had jurisdiction over the misappropriation of trade secrets claim unless such claim was preempted by federal copyright law.

Section 301 of the Copyright Act provides that:

> On or after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as defined by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statute of any State.

17 U.S.C. §301(a). A state-law claim is preempted under §301 where (1) the work comes within the subject matter of copyright law and (2) the rights granted under state law are equivalent to any of the exclusive rights within the scope of federal copyright protection. Strombach v. New Line Cinema, 384 F.3d 283, 300 (6th

8

Cir. 2004).

Computer programs and their source code may be entitled to copyright protection as "literary works" under 17 U.S.C. §101 and may be protected from infringement under §106. Lexmark Int'l, Inc. v. Static Control Components, Inc., 387 F.3d 522, 533 (6th Cir. 2004). In fact, Mr. Stark has registered copyright certificates for the software programs at issue. Accordingly, the subject matter requirement for copyright preemption is satisfied here.

Courts apply a functional test to determine whether a state-law claim is equivalent to any of the exclusive rights under §106 of the Copyright Act. Strombach, 384 F.3d at 301. A court must analyze the elements of the state-law claim to see if the right as defined by state law may be abridged by an act which per se would infringe one of the exclusive rights in the Act.

> Conversely, if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display in order to constitute a state-created cause of action, there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim.

Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 456 (6th Cir. 2001)(citations omitted).

In Strombach, the Sixth Circuit Court of Appeals found that a claim for misappropriation of trade secrets under the Michigan Uniform Trades Secret Act survived preemption because it required an additional element, i.e. proof of the existence and breach of a confidential relationship. 384 F.3d at 303-04. Ohio also adopted the Uniform Trade Secrets Act, codified at Ohio Rev. Code §1333.61 et seq., and its version likewise requires proof of the existence and breach of a confidential relationship as an element of a misappropriation of trade secret claim. See

9

§1333.61(B)(2)(b). Therefore, under the reasoning set forth in Strombach, Mr. Stark's state-law claim for misappropriation of trade secrets was not preempted by the Copyright Act. It follows, then, that the Franklin County Common Pleas Court had jurisdiction to decide this claim.

IV.

Based on the foregoing reasons, the Court finds that under Ohio law, Mr. Stark is collaterally estopped by the decision reaffirming summary judgment rendered by the Franklin County Common Pleas Court from re-litigating the issue of whether the defendants utilized his computer source code and related software. Because such use is a necessary element of his copyright infringement claim, the claim fails as a matter of law. The defendants' motion for reconsideration (#34) is, therefore, GRANTED and Count One of the complaint is hereby DISMISSED. Count Two of the defendants' counterclaim is the only matter still pending in this action.

/s/ Terence P. Kemp
United States Magistrate Judge